**GAMMAGE & BURNHAM, PLC**
ATTORNEYS AT LAW
40 NORTH CENTRAL AVENUE
20TH FLOOR
PHOENIX, AZ 85004
TELEPHONE (602) 256-4490
FAX (602) 256-4475

David A. Selden, SBN 007499
dselden@gblaw.com
Julie A. Pace, SBN 014585
jpace@gblaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Hawks, D.O., Individually and as spouse of Sara Hawks, Sara Hawks, Individually and as spouse of Jack Hawks, D.O., <br><br> Plaintiffs, <br><br> v. <br><br> Sharon Seery, John and Jane Does I-V <br><br> Defendant. | Case No. <br><br> **COMPLAINT** <br><br> **Claims for Relief:** <br><br> 1. **Defamation** <br> 2. **Public Disclosure of Private Facts** <br> 3. **False Light Invasion of Privacy** <br> 4. **Intrusion Upon Seclusion** <br> 5. **Injurious Falsehood** <br> 6. **Injunction Against Harassment** |

Plaintiffs Jack Hawks, D.O. ("Dr. Hawks") and Sara Hawks ("Ms. Hawks") (collectively referred to as "Plaintiffs") for their Complaint against Sharon Seery ("Defendant" or "Ms. Seery") hereby allege as follows:

**ALLEGATIONS REGARDING THE PARTIES AND JURISDICTION**

1. Plaintiffs are a residents of Maricopa County, State of Arizona.

2. Defendant is a resident of Larimer County, State of Colorado.

3. On information and belief, Defendant is an unmarried woman.

4. Defendants John and Jane Does I-V are fictitiously named individuals who are residents of Maricopa County, Arizona, or in the alternative, they are foreign residents. The true names and identities of these persons will be supplemented if/when these persons are identified.

51692.2.2544258.2

5.  Jurisdiction is proper in this Court as Plaintiffs are residents of Maricopa County, Arizona, Defendant is a resident of Larimer County, Colorado, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332.

6.  Venue is proper in this Court.

## BACKGROUND ON DEFENDANT'S HARASSMENT AND TERRORIZATION OF PLAINTIFF

7.  Ms. Hawks is married to Dr. Hawks.  Prior to their marriage, Ms. Hawks' name was Sara Cooley.

8.  Defendant is a former patient of Dr. Hawks, and Defendant has been harassing Plaintiffs since Defendant first discovered Ms. Hawks and Dr. Hawks were dating.

### Harassment through Defendant's Google+ Account

9.  Plaintiff has dedicated a section of her Google+ account to Dr. Hawks, entitled "My tragic love story" wherein she posts hundreds of poems, videos, pictures, etc. in relation to her alleged heartbreak that Dr. Hawks does not return her feelings.

10. Defendant has admitted that her "muse" for the collection of poems was Dr. Hawks.

11. Defendant's postings ranged from love poems professing her undying love to Dr. Hawks to insulting statements and defamatory remarks about Dr. Hawks, sometimes occurring on the same day.

12. When Defendant learned that Dr. Hawks was dating Ms. Hawks, Defendant turned her wrath on Ms. Hawks, who was then known as Ms. Cooley, and she became the subject of dozens of posts on Defendant's Google+ account.

13. The posts on Defendant's Google+ account were accompanied by derogatory and disturbing hashtags, including but not limited to the following:

- #saraadycooleyusedtobecokewhorepatientnowjustcokewhore;
- #saraadycokewhorefuckedheradoctorgotahouse;
- #saraadycooleydrjackjessenhawkscokewhorepatientsoontobewife;
- #cokewhorei'mstillinhishearthoyourinhisbed;
- #justmighthavetogetyourfatasskickedbitchbackth;

- #heyfuckyou!!!;
- #drjackhawkswouldratherhavehispatientsaraadycooleycokewhore;
- #ijustlovedhissoul;
- #ihopekarmafucksyountheassthesamewayyoulikedyourexwifefuckingyouintheass; and
- #sarahadyitwillhappenagainiwasntthefirst.didhetellyouthetruthbetterbesurehesleptwithmethenwenthometoplayhousewithyou.

14. Defendant posted the hashtags on a regular basis on public websites.

15. After Google+ was shut down in April 2019, Defendant actively transferred her Google+ poetry collection to another social media platform called Compute.

16. What began as hundreds of posts on Defendant's former Google+ account has turned into hundreds of other harassing and terrorizing online posts and direct messages to Plaintiffs, including posts that Defendant posted on or about June 2020.

17. Online posts have been posted on social media websites and other online portals, including but not limited to, LinkedIn, Yelp, YouTube, Compute Info, Complaints Board, and other various review websites.

**Harassment Through Defendant's YouTube Account**

18. Defendant has a personal YouTube account on which dozens of posts are dedicated to Dr. Hawks and harassing Plaintiffs.

19. The posts on Defendant's YouTube account, include love songs with in-depth posts written by Defendant. Some of the posts state:

- "There will never be a time that you will know how much you hurt me . . . I love you still . . . The words that I had etched in glass for you I thought would never fade. I know of all your lies . . . Every song is sent with love . . . God Jack!!! I swore you were everything and now my heart can't forget;"
- "I thought of you today and still loved you!;"

- "#drjackhawks Truly you were the only dream I will always wish would've come true . . . Shame on me for believing! Shame on him for being such a POS. I know one day karma will catch up to him;"
- "When all the lies are exposed I wonder if it will be enough to heal all the damage you've done;"
- "Tic toc, tic toc, looks like karma is creeping up;" and
- "I hope your punishment is fair and just . . . May God have pity on your pathetic soul. May karma serve you all that you so deserve!"

20. Defendants' YouTube posts are generally accompanied with hashtags such as: "#drjackhawks" and "#jackjessenhawks."

21. Other YouTube posts are written about Ms. Hawks and to Ms. Hawks, some of which include:

- "For the dumb fat cow that stalks this . . . YOU BIG COW!! You can't stop me from posting the music I like. It has nothing to do with him. So here's one that I will post that is about him. Enjoy;"
- "Sometimes something happens and all you can do is smile and be thankful that karma finally showed up. For the dumb fat cow that stalks this!;" and
- "#drjackhawks we always find ourselves back at the same place. Always my friend. I love you forever when you close your eyes I wonder if she'll ever know . . . #saraadycooley."

**Defendant Created a Fake LinkedIn Profile under Plaintiff's Name and Likeness**

22. Defendant has established a false account on LinkedIn using Ms. Hawks' name and likeness. Defendant used this account to "follow" Dr. Hawks. This profile is public.

23. On the LinkedIn profile, Defendant wrote disparaging statements about Plaintiffs such as:

- "Dr. Jack Hawks likes to sleep with his patients;"

- "Sleeping with him in the office led to the best thing. I never have to work again;" and
- "I guess I was just better in bed . . . at least I'll keep sleeping with him till [sic] the money is all gone."

24. Defendant continues to maintain this public LinkedIn page and keep it active.

25. The false LinkedIn profile, created and maintained by Defendant, continues to show such disparaging remarks as 'Activity' when one simply Googles Sara Cooley's name.

### Harassment on Various Online Review Platforms

26. On JoyRate.com, an online review platform for members of the public to review various professionals, restaurants, etc., Defendant posted a multitude of reviews about Dr. Hawks and included false and harassing statements about Plaintiffs.

27. Examples of false and harassing statements about Plaintiffs include, but are not limited to, calling "sara ady cooley/Sara marie cooley, or just Sara ady" a "slut," "fat coke ****," and "lying sack of ****."

28. Defendant falsely stated that Ms. Hawks is "trying to hide from" collection agencies; that "[a]nyone affiliated with [Dr. Hawks] and [Ms. Hawks] should really be careful;" "[Ms. Hawks] [is] the best to give [Dr. Hawks] his happy endings. He has left his wife for her and his children thus giving [Ms. Hawks] the chance to stop working on her back, now she is on her knees working for her living" and that "she is the best on her knees."

29. Other statements Defendant posted on JoyRate.com include:

- "[Ms. Hawks] was ***ing him at the time when he was still married. [Dr. Hawks] trying now to make the ex responsible for that. That's what kind of lowlifes this doctor and [Ms. Hawks] are;"
- "Dr. Jack Hawks has . . . [s]olicit[ed] sexual favors from many female patent.[sic] . . . His latest is Sara Ady/Marie Cooley a former drug dealers [sic] wife and patient of doctor [sic] Hawks . . . I would urge any women [sic] that have had relations with this doctor to please go and get checked and come forward to the medical board;"

- "Sara ady cooley, Sara Marie Cooley Sarah day, Sarah Marie Cooley. After her long search on a doctor's dating site she found Jack Hawks more then [sic] willing as he is with all female patience [sic] . . . Will keep all you ladies updated. You should also go have pap smears done;" and

- "[Dr. Jack Hawks] is a very dishonest doctor . . . Sara Ady/Marie Cooley. . . was a patient he was treating and cheating on his wife with plus having sexual relations with other patients. Sara ady/marie Cooley has worked her way in. As he has bought her a house and he has left his wife and children . . . Woman [sic] please beware. Any patients who have had sexual relations I urge you to please be checked."

30. The above are only a few statements that are still posted and maintained on this public platform, all of which can be found by a simple search of Plaintiffs' names.

31. The reviews Defendant wrote on JoyRate.com are still currently posted and available to be read online.

32. On ComplaintsBoard.com, another online review platform for members of the public to review various companies or professionals, Defendant posted multiple reviews and named Plaintiffs in the reviews. Defendant used multiple alias names on ComplaintsBoard.com including: "The Lies You Tell," "@@@@," "Tired of Your Lies," "The Untruths You Tell," "Survivor 1," "Carrie Blanch," "Hellbc," "Tramatized," "TwoThree," "Highhow," "Hellbc," "Lady Boss," and "Someone's Husband."

33. On ComplaintsBoard.com, Defendant posted and continues to post harassing statements about Plaintiffs and further shared private information related to Plaintiffs' personal matters. Some of the statements include, but are not limited to:

- "[Dr. Hawks] . . . has no ethical or moral values. Having sex with patients in his office during office visit [sic]. One being with a Sara Ady/Marie Cooley. A patient he has had move into the house he

bought for her in Litchfield park [sic]. Leaving his wife and children for. While still having relations with many patients. Sara was just the best on her knees;"

- "Dr [sic] Jack Jessen Hawks should not be aloud [sic] to practice medicine."
- "Not a trust worthy [sic] doctor."
- "For the delusional cow that thinks this doctor is innocent. From a drug dealers/addict [sic] wife to a lying POS doctors [sic] wife;" and
- "Ms. Sara you won't be with him long. He is cheating on you with a woman named Stephanie, before you two got together, and still with her…Why? Because you are a miserable fat pig."
- "Any women that have had relations I urge you to go and be checked . . . Better to be safe then [sic] sorry. This doctor likes to prey on women he deems as week [sic]. Anyone dealing with depression issues. Please be careful."
- "DO NOT TRUST THIS DOCTOR!"

34.  Defendant posted numerous threats on the Complaints Board website between August 2019 and June 2020, which includes some of the following statements:

- "Watch and observe your every move Jack Hawks and family the death threats are on there [sic] way. We know where you live and work;"
- "Tell Jack I said to be a real man. Because my people know people;"
- "[Dr. Hawks] is being closely watched;"
- "Watch your back homie…that's all we are going to tell you;" and
- "Watch your back Jack Hawks the death threats are in [sic] there's [sic] way."

35.  On Facebook, Ms. Seery's daughter, Cait Seery, left multiple comments and threats on Dr. Hawks's new men's health medical practice Facebook page, Man Uplifted, PLLC.

36. Defendant's daughter, Cait Seery, stated: "Tell hawks [sic] I said hello and he has a price on his head," and "Your business is trash and I hope it gets burnt down."

37. Defendant also posted false statements on ComplaintsBoard.com and represented that such statements were written by Ms. Hawks. Defendant posted, "I'd be careful trusting this doctor and his new wife @saraadycooley or @sarahhawks . . . Here's what she has to say."

38. Defendant subsequently posted a photo of a statement she represented was written by Ms. Hawks. The statements, in part, maintain: "@Dr. Jack hawks [sic] likes to sleep with his patients. That's how I got him @sara ady cooley. Told his wife I was living in his new house just cause [sic] he was helping me out. Haha jokes [sic] on her @Kathy Hawks he was sleeping with me the whole time. . . . Sleeping with [Dr. Hawks] in the office led to the best thing. I never have to work again. Sorry @ Sharon I won. I guess I was just better in bed. . . . At least I'll keep sleeping with him till the money is all gone."

39. Defendant's alias names are still being maintained and remained active during 2020.

40. The statements on the Complaints Board website are still currently posted and available to be read online.

41. On Yelp.com, Defendant used a photo of Dr. Hawks as the profile picture with the name "S S."

42. On Yelp.com Defendant reviewed Dr. Hawks and left multiple false and harassing reviews while listing Ms. Hawks's name as "Sara ady cooley/sara marie cooley."

43. Defendant posted reviews of Dr. Hawks on Yelp.com in the name of Ms. Cooley.

44. There is a Yelp page under HonorHealth Medical Group for Dr. Hawks that was not made by Dr. Hawks. If one clicks the photograph of Dr. Hawks, which Dr. Hawks did not put on the page, a statement falsely stating it is "Sara C." dated April 5, 2018 appears that states "Has sex with female patients!"

45. Defendant left reviews on Yelp.com that include, but are not limited to:

- "Dr. Jack Hawks uses his office as more of a dating hook up place then [sic] he does a doctor's office . . . He has done this to several woman the last being Sara ady cooley/Sara marie cooley but this one he left his wife and children for [sic] Well [sic] at the same time professing how much he loves me;" and
- "Sara's [sic] was [sic] coke and to [sic] lazy to work. So [Dr. Hawks] got her a house told her she didn't' have to work, told his wife they were workingon [sic] their marriage and there you go."

46. On Ratemds.com, another online review platform, Defendant posted "To the woman/Sara day/Marie Cooley, Sarah Ady who wrote the review from july [sic] 6th. So nice of a coke dealers [sic] ex wife to write such a glowing review on the doctor that she is sleeping with. A woman the doctor has said is very good on her knees. What a move up for her."

47. Defendant established two other false accounts using Ms. Hawks's name, in addition to the fake LinkedIn profile, and wrote reviews under Ms. Hawks' name.

48. Such reviews include, but are not limited to:
- "Dr. Hawks has intercourse with all female patients!;" and
- "Dr. hawks [sic] had sex with me in his private room, he is a rapist . . . Was fired and let go from Honorhealth [sic] previous employer for raping and having sex with his female patients' [sic]. . . ."

49. Defendant posted on a website for a couple who had gone on a mission for their church. The couple praised Dr. Hawks as the doctor for the mission and expressed their appreciation and gratitude for his help.

50. On April 25, 2018, Defendant posted twice on the website. She posted defamatory and disturbing statements about Plaintiff, such as:
- "All the wrong doings [sic] and lies and maybe know a little about the coke wore [sic] that he's living with now!" and
- "Sickening to think that you wonderful church would welcome him and his coke whore with open arm. [sic]"

51. On information and belief, Defendant wrote a comment on the same website dated February 17, 2018 signed by "Unknown." The post by "Unknown" mirrors the writing of Defendant on her Google+ account. The language of the post is similar to other rants by Defendant.

**Terrorization Via Personal Text Messages, Private Messages, Phone Calls, Voice Mails, and Personal Visits**

52. Defendant has continued to harass Plaintiffs through personal text messages and online private messages, which have been sent to Plaintiffs and to Ms. Hawks' daughter, Forrest Cooley.

53. Defendant's text messages and private messages stem from as early as December 2017 and have continued into 2020.

54. On the Complaints Board website, Defendant sent private messages directly to Ms. Hawks under Defendant's various alias names, including "The Lies You Tell" and "The Untruths You Tell."

55. These private messages on the Complaints Board website began in or around August 2019 and continued through April 2020.

56. The private messages sent directly to Plaintiff from Defendant on Complaintsboard.com include some of the following messages:

- "All your dirty secrets . . . Jack's little secrets will come;"
- "Hear he's not a doctor anymore . . . How's life as a doctor's wife? Lol Was [sic] it short lived;"
- "Your POS husband . . . Why don't you tell your POS husband to own up to what he's done;"
- "It will be so nice when this is all over the news. You should read the minutes from 11-23-19 you stupid dumb cow!!! He's a Fucking [sic] predator and you were/are a good doormat for him. He'll do it again. Next time he's working late maybe you really should check;"
- "Your POS husband . . . Just so you know dumb ass I didn't make Jack sign the loan forgiveness papers (which is a federal offense) for

Myesha that she had to suck his dick for. . . . No one wants your man don't worry. We've already had him. Lol. . . . His accident that he got in leaving his wife's house to go fuck you and can't even Take [sic] responsibility for that. What a fucking man you have, but I guess its [sic] better then [sic] the drug addict you had before;" and

- "Why don't you tell your POS husband to own up to what he's done. The accident he got in with the motorcycle guy. You know he was leaving his [sic] at the time wife [sic] to go fuck your fat ass . . . You must be so proud . . . Tell your POS sex addict husband to own up to his shit."

57. Defendant sent a private message on Facebook to Ms. Hawks' daughter, Forrest Cooley.

58. In the private message, Defendant asked Forrest Cooley, "Do you know this coke whore" and subsequently sent a photo of a woman with the name Sara Cooley, but who is not Plaintiff.

59. Defendant texted Plaintiff on her personal phone: "I wish you were never in his life or you would just leave. I hate you for that. But you are there. So please just love him. He is beautiful. He is everything. Take good care of his soul and heart. He deserves the world."

60. Ms. Hawks did not share her personal phone number with Defendant and is unaware of how Defendant obtained her phone number.

61. Upon receiving a text message on December 12, 2017, from Defendant, Dr. Hawks texted Defendant to communicate that she shall stop calling, texting, and harassing both him and Ms. Hawks. Defendant called Dr. Hawks approximately twelve times.

62. Defendant attempted to call Dr. Hawks at least twelve different times between December 12, 2017 and December 18, 2017.

63. Defendant called Dr. Hawks from a different number every time.

64. Dr. Hawks blocked the phone numbers.

65. When Defendant realized Dr. Hawks blocked her phone number, Defendant hid her telephone number so it could not be blocked.

66. Defendant left approximately nine voicemail messages between December 12, 2017 and December 17, 2017 on Dr. Hawks's personal telephone.

67. On December 26, 2017, Defendant went to Plaintiffs' home.

68. Defendant left a card at Plaintiffs' home, addressed to Dr. Hawks. The outside of the card stated "Love You More" and the inside of the card stated, "I always will. More than she ever can! Xoxoxo . . . See you in a dream."

**Plaintiffs Previously Filed and Were Granted an Injunction Against Harassment Against Defendant Which Defendant Violated**

69. The terrorization that Plaintiffs endured at the hands of Defendant for years led to Plaintiffs filing for an Injunction Against Harassment ("Injunction") against Defendant.

70. The Injunction issued on December 26, 2017 by Maryvale Justice Court ordered: "Defendant shall not commit any act of 'harassment' against [Ms. Cooley] or Protected Person(s) . . . Defendant shall have no contact with Plaintiff except through attorneys, legal process, court hearings."

71. The Injunction was served on January 11, 2018.

72. Defendant violated the Injunction and continued her campaign of harassment against Plaintiffs for the next two years.

73. As described above, the Injunction did not dissuade Defendant from posting defamatory and derogatory information about Plaintiffs after January 11, 2018.

**Plaintiffs Have Been Damaged by Defendant**

74. Plaintiffs have been damaged by Defendant in an amount to be proven at trial, and the amount is well in excess of $75,000.00.

**FIRST CLAIM FOR RELIEF**

**Defamation**

75. Plaintiffs hereby incorporate all of the preceding paragraphs of this Complaint the same as though fully set forth herein.

76. Defendant made false statements concerning Plaintiff.

77. Defendant's false statements include, but are not limited to, calling Ms. Hawks a "coke whore" dozens of times; falsely asserting that Ms. Hawks does cocaine, is "lazy," a "liar," a "slut" and works on "her knees . . . for her living;" that "anyone affiliated" with Ms. Hawks should "really be careful;" that anyone who has had relations with Dr. Hawks needs to have pap smears done and get checked out; and falsely stating that Ms. Hawks is running from collection agencies for debts owed.

78. Ms. Hawks does not do cocaine, is not running from collection agencies, and does not engage in prostitution.

79. Defendant is aware that Ms. Hawks is happily married to Dr. Hawks, does not engage in prostitution, is not running from collection agencies, and does not do cocaine.

80. Defendant falsely asserted that Ms. Hawks does cocaine, engages in prostitution, and is running from collection agencies in an effort to damage Ms. Hawks' character, reputation, and livelihood and by damaging Dr. Hawks' relationships with his patients and potential patients.

81. Additionally, by making false statements, representations, and assertions that all women need to be checked out who have had relations with Dr. Hawks, Defendant was alluding that Ms. Hawks and/or Dr. Hawks suffer from a loathsome disease. Accordingly, the defamatory statements constitute defamation *per se*.

82. The false statements were published on numerous public websites and various online review platforms dozens, if not hundreds, of times.

83. An injunction against harassment was issued, yet Defendant completely and intentionally disregarded the Court Order.

84. Plaintiffs have been damaged by the defamatory remarks and in an amount to be proven at trial.

85. At all times relevant to this matter, Defendant acted in a willful and wanton manner, with the intent to cause harm to Plaintiffs, and with an evil mind so as to justify an

award of punitive damages against Defendant in an amount sufficient to punish Defendant and to deter Defendant and others from engaging in similar conduct in the future.

## SECOND CLAIM FOR RELIEF

### Public Disclosure of Private Facts

86. Plaintiffs hereby incorporate all of the preceding paragraphs of this Complaint the same as though fully set forth herein.

87. Defendant gave publicity to matters concerning the private lives of Plaintiffs.

88. On various social media and review platforms, Defendant publicized Plaintiffs' private lives, including Plaintiffs' private relationships. Such matters include sexually charged allegations.

89. Such matters are highly offensive to a reasonable person.

90. Plaintiffs' relationship with each other is not of legitimate concern to the public.

91. Plaintiffs have been damaged by Defendant's disclosure of their private relationship in an amount to be proven at trial.

92. Plaintiffs have been substantially damaged for mental anguish and distress in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### False Light Invasion of Privacy

93. Plaintiffs hereby incorporate all of the preceding paragraphs of this Complaint the same as though fully set forth herein.

94. Defendant gave publicity to the aforementioned matters concerning Plaintiff before the public in a false light.

95. The false light in which Plaintiffs were placed would be highly offensive to a reasonable person.

96. Defendant had knowledge of the falsity of the publicized matters and the false light in which Plaintiffs would be placed.

97. Plaintiffs have been damaged by the aforementioned in an amount to be proven at trial.

98. At all times relevant to this matter, Defendant acted in a willful and wanton manner, with the intent to cause harm to Plaintiffs, and with an evil mind so as to justify an award of punitive damages against Defendant in an amount sufficient to punish Defendant and to deter Defendant and others from engaging in similar conduct in the future.

## FOURTH CLAIM FOR RELIEF

### Intrusion Upon Seclusion

99. Plaintiffs hereby incorporate all of the preceding paragraphs of this Complaint the same as though fully set forth herein.

100. Defendant intentionally intruded upon the solitude or seclusion of Plaintiffs or Plaintiffs' private affairs or concerns, including Plaintiffs' private marital relationship.

101. Defendant's intrusion was highly offensive to a reasonable person.

102. Defendant's intrusion was on private matters of Plaintiffs.

103. The Intrusion cause Plaintiff emotional anguish or suffering in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### Injurious Falsehood

104. Plaintiffs hereby incorporate all of the preceding paragraphs of this Complaint the same as though fully set forth herein.

105. Defendant publicized matters derogatory to Dr. Hawks' business.

106. Such publicized matter is calculated to prevent others from dealing with Dr. Hawks, including but not limited to the matters set forth below and in the preceding paragraphs of this Complaint.

107. Defendant posted online that Dr. Hawks is a rapist and was let go from his previous employer for raping female patients.

108. Defendant posted online that Dr. Hawks has intercourse with all female patients.

109. Defendant posted online, "DO NOT TRUST THIS DOCTOR!" and "Dr [sic] Jack Jessen Hawks should not be aloud [sic] to practice medicine."

110. Defendant acted with malice or without reasonable belief in the efficacy of her allegations and statements.

111. Special damages and loss of present or prospective advantage can be proven.

112. At all times relevant to this matter, Defendant acted in a willful and wanton manner, with the intent to cause harm to Dr. Hawks, and with an evil mind so as to justify an award of punitive damages against Defendant in an amount sufficient to punish Defendant and to deter Defendant and others from engaging in similar conduct in the future.

## SIXTH CLAIM FOR RELIEF

### Injunction Against Harassment

113. Plaintiffs hereby incorporate all of the preceding paragraphs of this Complaint the same as though fully set forth herein.

114. The actions of Defendant constitute harassment under Arizona Law.

115. There is sufficient evidence of harassment of Plaintiffs by Defendant to warrant the issuance of an injunction against harassment pursuant to A.R.S. § 12-1809.

116. There is good cause to believe that great or irreparable harm would result to Plaintiffs if the injunction is not granted.

## DEMAND FOR RELIEF

**WHEREFORE,** Plaintiff respectfully demands judgment in its favor as follows:

A. For economic and consequential damages to be proven at trial;

B. For exemplary and punitive damages in an amount sufficient to punish Defendant for engaging in the conduct described herein and to deter Defendant and others from engaging in similar conduct in the future, in an amount to be determined at trial;

C. For an award of Plaintiff's reasonable costs and attorneys' fees pursuant to the Fed. R. Civ. P. 54(d), and/or other statutes and rules;

D. For pre-judgment and post-judgment interest on the foregoing amounts at the maximum rate allowed by law; and

E.   For such other and further relief as the Court deems appropriate under the circumstances.

DATED this 15th day of January, 2021.

**GAMMAGE & BURNHAM, PLC**

By: */s/ David A. Selden*
    David A. Selden
    Julie A. Pace
    *Attorneys for Plaintiffs*