**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Hawks, D.O. individually and as spouse of Sara Hawks, et al., | No. CV-21-00092-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Sharon Seery, | |
| Defendant. | |

Dr. Jack Hawks and his wife Sara have filed a motion for default judgment against Defendant Sharon Seery. Doc. 11. The Court will deny the motion without prejudice.

**A.    Background.**

In January 2021, Plaintiffs filed a complaint against Defendant, one of Dr. Hawks's former patients. The complaint alleges that Defendant was romantically interested in Dr. Hawks. Doc. 1 ¶¶ 9-11. Upon discovering that Dr. Hawks was in a relationship with Ms. Hawks – his then-girlfriend – Defendant embarked on a campaign of harassment against the couple. *Id.* ¶¶ 11-68. Defendant posted false and disparaging messages about Plaintiffs on social media and online review platforms; inundated Plaintiffs with threatening text messages, phone calls, and voicemails; impersonated Ms. Hawks online; reached out to Dr. Hawks's patients; and made personal visits to Plaintiffs' home. *See id.* Plaintiffs allege that this conduct damaged Dr. Hawks's professional reputation, forced him to switch to a less lucrative medical practice, and caused Plaintiffs significant emotional distress. *See id.* In December 2017, Maryvale Justice Court issued a harassment injunction against

Defendant, but Plaintiffs allege that she ignored the injunction and continued her harassment over the next two years. *Id.* ¶¶ 72, 83-84.

The complaint, filed in this Court on the basis of diversity jurisdiction, asserts several state-law tort claims: (1) defamation; (2) public disclosure of private facts; (3) false light invasion of privacy; (4) intrusion upon seclusion; and (5) injurious falsehood. *Id.* ¶¶ 75-116. The complaint seeks compensatory and punitive damages, costs, fees, pre- and post-judgment interest, and an injunction against harassment. *Id.* at 16. In their motion for default judgment, Plaintiffs seek damages in the amount of $450,000 consisting of $250,000 in lost income for Dr. Hawks, $100,000 for Plaintiffs' mental suffering and anguish, and $100,000 in punitive damages. Doc. 11, Ex. 3 ¶¶ 47, 49, 51; Ex. 4 ¶¶ 29-30.

Defendant was served with the summons and complaint on January 27, 2021 (Doc. 6), but has failed to answer or otherwise respond. The Clerk entered Defendant's default pursuant to Rule 55(a) on February 19, 2021. Doc. 9. Plaintiffs moved for default judgment against Defendant on March 29, 2021. Doc. 11. No response has been filed.

**B.   Default Judgment under Rule 55(b).**

The Court's "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court will deny Plaintiffs' motion for default judgment for several reasons.

First, Plaintiffs seek default judgment under Federal Rule of Civil Procedure 55(a) (Doc. 11 at 1), but that rule provides for entry of default by the Clerk, which has already occurred. *See* Doc. 9. The district court may enter default judgment pursuant to Rule 55(b)(2), which Plaintiffs do not address in their motion. *See* Doc. 11; *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986) (affirming denial of default judgment where the plaintiff "apparently fails to understand the two-step process required by Rule 55").

Second, the Ninth Circuit requires the following factors to be considered in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable

neglect, and (7) the policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. Plaintiffs do not address these factors in their motion.

Third, Plaintiffs do not provide sufficient information to determine damages. *Halicki v. Monfort*, No. CV-08–0351-PSG (JTLx), 2010 WL 11508467, at *4 (C.D. Cal. Feb. 3, 2010) ("If the facts necessary to determine damages are not contained in the complaint, or are legally insufficient, they will not be established by default.") (citing *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992)).[1] While the Court may generally take as true the factual allegations of the complaint, it may not simply accept the amount of damages Plaintiffs request. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). "There must be an evidentiary basis for the damages sought by plaintiff." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citations omitted). This is particularly important where, as here, Plaintiffs request specific and punitive damages in addition to general damages. *Holtsinger v. Briddle*, No. CIV-S-03-0732-MCE-CMK-P., 2007 WL 1080112, at *1 (E.D. Cal. Apr. 4, 2007) ("When a plaintiff's damages are unliquidated (i.e. capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits) or punitive, they require 'proving up' through an evidentiary hearing or some other means.") (citations omitted); *Desert Palm Surgical Grp., P.L.C. v. Petta*, 343 P.3d 438, 448 (Ariz. Ct. App. 2015) ("In tort cases, such as those involving defamation and false light invasion of privacy, general damages cover a plaintiff's loss of reputation, shame, mortification, injury to the feelings, and the like, whereas special damages are

---

[1] Plaintiffs did not specify a damages amount in their complaint. *See* Doc. 1. While Rule 54 of the Federal Rules of Civil Procedure provides that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings," *see* Fed. R. Civ. P. 54(c), the rule "does not require plaintiff to have demanded a sum certain in order to recover on default." *Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y. 2005); *see also St. Paul Fire & Marine Ins. Co. v. Virginia Sur. Co.*, No. 11-CV-1839-BTM-JMA, 2013 WL 941795, at *1 (S.D. Cal. Mar. 11, 2013) ("[T]he complaint need not allege the precise amount of monetary damages in order for a plaintiff to recover the damages on default judgment.").

limited to the plaintiff's actual pecuniary loss, which must be specially pleaded and proved.") (citations omitted).

Dr. Hawks claims in his affidavit that two of his contracts were not renewed because Defendant wrote disparaging remarks about his practice. Doc. 11, Ex. 3 ¶¶ 43-45. He contends he was forced to switch to a medical practice that generated "less than one-third" of his previous earnings and resulted in well over $250,000 in lost income. *Id.* ¶¶ 46-47. But while Dr. Hawks details Defendant's harassment at length, he fails to provide any documentation to support his assertions that his contracts were not renewed because of Defendant's harassment and that his lost earnings were in excess of $250,000. *Rubicon Glob. Ventures, Inc. v. Chongqing Zongshen Grp. Imp./Exp. Corp.*, 226 F. Supp. 3d 1141, 1149 (D. Or. 2016) (noting that "district courts within the Ninth Circuit have required plaintiffs to prove lost profits or other compensatory damages with 'reasonable certainty' even in situations of default.") (citations omitted); *Wu v. Ip*, No. C-93-4467-FMS, 1996 WL 428342, at *1 (N.D.Cal.1996) (while injury may be admitted upon default, plaintiffs "still must prove that the compensation sought relates to the damages that naturally flow from the injuries pled.") (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Reality Corp.*, 973 F.2d 155, 159 (2d Cir. 1992)).

For punitive damages, "a plaintiff must prove by clear and convincing evidence that the defendant engaged in aggravated and outrageous conduct with an 'evil mind.'" *Hyatt Regency v. Winston & Strawn*, 907 P.2d 506, 518 (Ariz. Ct. App. 1995). In the default judgment context, "the court must have independent evidence to support the award because punitive-damages-worthy conduct alleged in a complaint is not regarded as admitted by default." *Alutiiq Int'l Sols., LLC v. OIC Marianas Ins. Corp.*, 149 F. Supp. 3d 1208, 1215 (D. Nev. 2016); *see also Underhill v. Kornblum*, No. 16-CV-1598-AJB-WVG, 2017 WL 2869734, at *7 (S.D. Cal. Mar. 16, 2017) (declining to award plaintiff punitive damages where he failed to provide evidence that Defendant engaged in the willful conduct alleged, or an explanation of how he arrived at the amount requested). While Plaintiffs describe Defendant's willful and malicious conduct at length, they fail to submit evidence such as

Defendant's harassing text messages or defamatory online postings. *See* Doc. 1 ¶¶ 11-68. Nor do they explain how they arrived at $100,000 as the appropriate punitive damages amount. Doc. 11, Ex. 3 ¶ 51; Ex. 4 ¶ 30.

The Court will deny the motion for default judgment without prejudice. Plaintiffs shall have until **June 22, 2021** to file a new motion for default judgment. The motion shall address each *Eitel* factor and include evidence – not mere assertions – establishing Plaintiffs' losses, as well as documentation showing that Defendant actually engaged in the willful conduct alleged for purposes of punitive damages. *See Geddes,* 559 F.2d at 560; *Kornblum*, No. 16-CV-1598-AJB-WVG, 2017 WL 2869734, at *7.

**IT IS ORDERED** that Plaintiffs' motion for default judgment (Doc. 11) is **denied without prejudice.** By **June 22, 2021**, Plaintiffs shall file a new motion for default judgment consistent with this order.

Dated this 1st day of June, 2021.

David G. Campbell
Senior United States District Judge