SHARON SEERY
7521 W. 11TH STREET
GREELEY, COLORADO 80634
970-978-5111
REPRESENTING: PROPER PERSONA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JACK HAWKS, D.O., INDIVIDUALLY and as spouse of Sara Hawks, SARA HAWKS INDIVIDUALLY, and as spouse of Jack Hawks D.O.,<br>    Plaintiffs,<br>Vs.<br>SHARON SEERY, JOHN AND JANE DOES I-V,<br>    Defendant. | Case No.: 2:21-CV-00092-DGC<br><br>DEFENDANT'S RESPONSE |

Defendant, **SHARON SEERY** representing herself in the above captioned matter, hereby responds to the allegations and claims of Plaintiffs as to the following:

### DEFENDANT'S ALLEGATIONS AS TO PLAINTIFFS

Defendant alleges that there are two party Plaintiffs listed in the above captioned complaint filing individually and as spouse of the other. A number of allegations in the complaint are alleged jointly. Defendant alleges a number of the allegations could only be asserted as an individual and should be filed distinctly separate. The allegations have become distorted clouded, and confused in the fashion they are alleged and may conflict with the Rules of Civil Procedure. Defendant thereby objects to the complaint in its entirety.

### RESPONSE TO ALLEGTIONS REGARDING THE PARTIES JURISDICTION

1. Defendant admits to the allegations in paragraph's 1-3.
2. Defendant neither admits nor denies the allegations in paragraph 4.

3. Defendant denies the allegations in paragraph 5 as to the propriety of jurisdiction and value in controversy. Defendant believes this complaint is more appropriate in the State Court since the allegations are not brought against an international public entity but instead involves questions of personal jurisdiction heard in State Courts.

4. Defendant denies the allegations of paragraph 6 since the venue should be brought in the Colorado State Court's being that Defendant has resided in the State of Colorado since she moved there in 2012. Defendant alleges this complaint should be dismissed in its entirety on that basis.

### RESPONSE TO BACKGROUND ON DEFENDAT'S HARASSMENT AND TERRORIZTION OF PLAINTIFF

5. Defendant neither admits nor denies the allegations in paragraph 7.

6. Defendant admits to being a patient of Dr. Hawks in paragraph 8 and alleges that Dr. Hawks entered into an inappropriate intimate and sexual relationship approximately six months after initially becoming Dr. Hawk's patient. Defendant denies harassing either party. Defendant alleges it is unclear as to which individual party is asserting the allegations.

#### Response to harassment through Defendant's Google+ account

7. Defendant denies the allegations and characterizations of paragraph 9. In addition, Defendant alleges Google+ shut down in 2019.

8. Defendant denies the allegations and characterizations of paragraph 10.

9. Defendant denies the allegations and characterizations of paragraph 11.

10. Defendant denies the allegations and characterizations of paragraph 12 and further alleges Google plus (+) was a personal account not available to those without access and not available to the full access of social media that was discontinued as of 2019.

11. Defendant denies the allegations of paragraph 13.

12. Defendant denies the allegations of paragraph 14.

13. Defendant denies the allegations of paragraphs 15, 16, and 17.

#### Response to harassment through Defendant's YouTube account

14. Defendant denies each of the allegations in paragraphs 18-21.

#### Response to Defendant Created a Fake LinkedIn Profile under Plaintiff's Name and Likeness

15. Defendant denies each of the allegations in paragraphs 22-25.

### Response to Harassment on Various Online Review Platforms

16. Defendant denies each of the allegations in paragraphs 26-34. Further, Defendant neither admits nor denies the existence of alleged post but denies making them.

17. Defendant denies each of the allegations in paragraphs 34-51. Further, Defendant neither admits nor denies the existence of alleged post but denies making them.

### Response to Terrorization Via Personal Text Messages, Private Messages, Phone Calls, Voice Mails, and Personal Visits

18. Defendant denies each of the allegations in paragraphs 52-68.

### Response to Plaintiffs Previously Filed and Were Granted an Injunction Against Harassment Against Defendant Which Defendant Violated

19. Defendant denies each of the allegations in paragraphs 69-73 and further alleges she did not request a hearing for the Injunctions because she had no interest in having them lifted. Violations of those Injunctions are disputed, again however, Defendant had no interest in having them dismissed. Leaving the injunctions in place benefited Defendant. Defendant denies all other allegations contained in these paragraphs. Defendant alleges the entire case is founded on retaliation for testifying before the medical board and posting the results. All other allegations are unfounded and contrived.

### Response to Plaintiffs Previously Filed and Were Granted an Injunction Against Harassment Against Defendant Which Defendant Violated

20. Defendant denies paragraph 74.

### RESPONSES TO PLAINTIFFS FIRST CLAIM FOR RELIEF

#### Defamation

21. Defendant denies all claims to Plaintiffs First Claim for Relief as alleged in paragraphs 75-85. Again, Defendant alleges the entire case is founded on retaliation for testifying before the medical board and posting the results. All other allegations are unfounded and contrived. Petitioner has a bad history of interacting with patients. He has extensive restrictions on his license to practice that he created. He alone is responsible for his financial stability based on his own decision making. The medical board's decision is a matter of record not defamation. Plaintiff lacks any evidence to support his claims. Thereby, Petitioner's claim should be denied and/or dismissed.

### RESPONSES TO PLAINTIFFS SECOND CLAIM FOR RELIEF

**Public Disclosure of Private Facts**

22. Defendant denies all claims to Plaintiffs Second Claim for Relief as alleged in paragraphs 86-92. Again, Defendant alleges the entire case is founded on retaliation for testifying before the medical board and posting the results. All other allegations are unfounded and contrived. Petitioner has a bad history of personally interacting with patients generating several complaints. He has extensive restrictions on his license to practice that he created. He alone is responsible for his financial instability based on his own personal actions and decision making. Defendant is not responsible for public disclosure of any private facts. Certainly, Defendant is a substantial part of Plaintiffs private facts and inappropriate acts, but not for disclosure of any facts or those specifically alleged by Petitioners. Plaintiffs lacks any evidence to support their claims. Thereby, Petitioner's claims should be denied and/or dismissed.

**RESPONSES TO PLAINTIFFS THIRD CLAIM FOR RELIEF**

**False Light Invasion of Privacy**

23. Defendant denies all claims to Plaintiffs Third Claim for Relief as alleged in paragraphs 93-98. Again, Defendant alleges the entire case is founded on retaliation for testifying before the medical board and posting the results. All other allegations are unfounded and contrived. Petitioner has a bad history of interacting with patients. He has extensive restrictions on his license to practice that he created. He alone bears full responsibility for his financial stability based on his own decision making. Defendant is not responsible for public disclosure of any Plaintiffs private facts. Certainly, Defendant is a substantial part of Plaintiffs private facts and acts since she was a patient that had an inappropriate relationship with the Plaintiff, but not for the disclosure of any private facts. Plaintiff lacks any evidence to support his claims. Thereby, Petitioner's claim should be denied and/or dismissed.

**RESPONSES TO PLAINTIFFS FOURTH CLAIM FOR RELIEF**

**Intrusion Upon Seclusion**

24. Defendant denies all claims to Plaintiffs Fourth Claim for Relief as alleged in paragraphs 99-103. Again, Defendant alleges the entire case is founded on retaliation for testifying before the medical board and posting the results. All other allegations are unfounded and contrived. Petitioner has a bad history of interacting with patients. He has extensive restrictions on his license to practice that he created. He alone bears full responsibility for his financial instability based on his own decision making. Defendant is not responsible for public

disclosure of any private facts. Certainly, Defendant is a substantial part of Plaintiffs private facts and inappropriate acts since she was a patient that had an inappropriate relationship with the Plaintiff, but not for disclosure of any facts. Plaintiff lacks any evidence to support his claims. Thereby, Petitioner's claim should be denied and/or dismissed.

### RESPONSES TO PLAINTIFFS FIFTH CLAIM FOR RELIEF
#### Injurious Falsehood

25. Defendant denies all claims to Plaintiffs Fifth Claim for Relief as alleged in paragraphs 104-112. Again, Defendant alleges the entire case is founded on retaliation for testifying before the medical board and posting the results. All other allegations are unfounded and contrived. Petitioner has a bad history of interacting with patients. He has extensive restrictions on his license to practice that he created. He alone bears full responsibility for his financial stability based on his own decision making. Defendant is not responsible for public disclosure of any private facts. Certainly, Defendant is a substantial part of Plaintiffs private facts and inappropriate acts since she was a patient that had an inappropriate relationship with the Plaintiff, but not for disclosure of any facts. Plaintiff lacks any evidence to support his claims. Thereby, Petitioner's claim should be denied and/or dismissed.

### RESPONSES TO PLAINTIFFS SIXTH CLAIM FOR RELIEF
#### Injunction Against Harassment

26. Defendant denies all claims to Plaintiffs Fifth Claim for Relief as alleged in paragraphs 113-116. Again, Defendant alleges the entire case is founded on retaliation for testifying before the medical board and posting the results. All other allegations are unfounded and contrived. As previous stated herein, Defendant did not request a hearing for the Injunctions because she had no interest in having them lifted. Violations of those Injunctions are disputed, again Defendant had no interest in having them dismissed.

As the Court is aware, Injunctions of Harassment and Orders of Protection are often granted without contest unless a hearing is requested by the Defendant. It is not an admission or judgement of guilt and not necessarily based on documented or proven evidence.

Plaintiff's motives for filing this complaint is purely retaliation for Defendant's testimony before the medical board that involved other complaints. The outcome of the Board's decision cause Plaintiff's reduction in income and the need to make changes to his practice. Dr. Hawk

- 5 -

was fired for sexual misconduct with female patients. He was put on probation for 7 years and must have a chaperone when dealing with female patients permanently. He was also let go from Be Healthy because he was uninsurable. In addition, the doctor lost a lawsuit in the approximate amount of $30k. Dr. Hawk has had huge losses as a result of his own behavior and illegal acts, and is now out to retaliate and recoup his losses.

Petitioner has a bad history of interacting with patients. He has extensive restrictions on his license to practice that he created. He alone bears full responsibility for his financial stability based on his own decision making. Defendant is not responsible for public disclosure of any private facts. Certainly, Defendant is a substantial part of Plaintiffs private facts and inappropriate acts since she was a patient that had an inappropriate relationship with the Plaintiff, however no disclosure of private facts were exposed by Defendant. Plaintiff lacks any evidence to support his claims. Thereby, Petitioner's claim should be denied and/or dismissed.

### Defendants Counter Claim

27. Plaintiff's in this matter has harassed Defendant with extensive abusive litigation. Plaintiff's motives are purely based on retaliation for her testimony before the medical board. Such abuse includes but not limited to the following:

    a. Filing for harassment orders without cause.
    b. Filing contempt motions against for no reason.
    c. Trying to re-litigate in different courts (switching jurisdictions).
    d. Plaintiff has caused considerable stress and aggravation due to Plaintiff's frivolous complaints.

28. Plaintiff is aware Defendant resides in Colorado and cannot afford to fly to Arizona to appear for Plaintiffs retaliatory allegations. Defendant lives paycheck to paycheck. Defendant has incurred cost to prepare Defendant's documents not including filing fees.

*Wherefore,* Plaintiff request reimbursement for any cost and fees incurred by Defendant for the necessity this matter. That Plaintiffs case be dismissed with prejudice. An order that plaintiff be barred from further litigation harassment. Any other award that the Court finds just and proper.

Dated this _____ day of June 2021

/s/ [signature]
Sharon Seery ~~In Pro Per~~

A copy of the forgoing was
Mailed/Delivered/Emailed
on this ___ day of June 2021 to:

Electronically delivered to
District Court of Arizona Phoenix District

David L. Selden, Esq.
40 North Central Ave. 20th, floor
Phoenix, Arizona 85004
Representing Plaintiff