**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Hawks, D.O.; and Sara Hawks,<br><br>                        Plaintiffs,<br><br>v.<br><br>Sharon Seery,<br><br>                        Defendant. | No. CV-21-00092-PHX-DGC<br><br>**ORDER** |

Dr. Jack Hawks and his wife Sara have filed a renewed motion for default judgment against Defendant Sharon Seery. Doc. 14. The motion is fully briefed and neither side requests oral argument. For reasons stated below, the Court will deny the motion.

**I.   Background.**

In January 2021, Plaintiffs filed a complaint against Defendant alleging the following facts. Defendant, a former patient of Dr. Hawks, had a romantic interest in him. Doc. 1 ¶¶ 9-11. Upon discovering that Dr. Hawks was in a relationship with Ms. Hawks – his then-girlfriend – Defendant embarked on a campaign of harassment against the couple. *Id.* ¶¶ 11-68. Defendant posted false and disparaging messages about Plaintiffs on social media and online review platforms; inundated Plaintiffs with threatening text messages, phone calls, and voicemails; impersonated Ms. Hawks online; reached out to Dr. Hawks's patients; and made personal visits to Plaintiffs' home. *See id.* Defendant's alleged conduct damaged Dr. Hawks's professional reputation, forced him to switch to a less lucrative

medical practice, and caused Plaintiffs significant emotional distress. *See id.* In December 2017, Maryvale Justice Court issued a harassment injunction against Defendant, but she ignored the injunction and continued harassing Plaintiffs over the next two years. *Id.* ¶¶ 72, 83-84.

The complaint asserts several state law tort claims based on Defendant's alleged harassment and defamatory statements – defamation, public disclosure of private facts, false light invasion of privacy, intrusion upon seclusion, and injurious falsehood. *Id.* ¶¶ 75-116. Plaintiffs seek an injunction against harassment and compensatory and punitive damages. *Id.* at 16.

The summons and complaint were served on Defendant's father-in-law, with whom Defendant resided, on January 27, 2021. *See* Doc. 6 at 2. Defendant did not timely answer or otherwise respond to the complaint. *See id.* at 1; Fed. R. Civ. P. 12(a)-(b). On February 19, the Clerk entered Defendant's default under Rule 55(a) of the Federal Rules of Civil Procedure. Doc. 9.

Plaintiffs moved for default judgment in late March. Doc. 11. The Court denied the motion without prejudice because Plaintiffs: (1) sought default judgment under Rule 55(a), which provides for entry of default by the Clerk; (2) failed to address Rule 55(b) and the relevant default judgment factors, *see Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); and (3) did not provide sufficient information to determine the amount of damages. Doc. 13.

Plaintiffs have now filed a renewed motion for default judgment. Doc. 14. Defendant, proceeding pro se, filed a response, which essentially is an answer to the complaint. Doc. 15.[1] Plaintiffs filed a reply. Docs. 16. Defendant filed a sur-reply, which Plaintiffs move to strike. Docs. 18, 19.

---

[1] Plaintiff asserts a counterclaim alleging that Plaintiffs have harassed her with abusive litigation in retaliation for her testimony about Dr. Hawks in a disciplinary hearing before the state medical board. *Id.* ¶ 27.

**II.     Default Judgment Under Rule 55(b) and Plaintiffs' Renewed Motion.**

Default judgment under Rule 55 "is a two-step process: an entry of default judgment must be preceded by an entry of default." *Brooke v. Sai Ashish Inc.*, No. 1:21C-cv-00967-AWI-SAB, 2021 WL 4804220, at *5 (E.D. Cal. Oct. 14, 2021) (citing *Eitel*, 782 F.2d at 1471). The entry of default by the clerk "does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("The district court's decision whether to enter a default judgment is a discretionary one."). The rule in this Circuit is "that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)); *see also Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) (same); *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (explaining that "judgment by default is a drastic step appropriate only in extreme circumstances") (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)); *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) ("Default judgments are disfavored and appropriate only in unique circumstances.") (citing *Falk*, 739 F.2d at 463). Because default judgments are disfavored, courts "must apply Rule 55 liberally, and any doubts must be resolved in favor of the [defendant]." *Chanel Inc. v. Pacini*, No. C 07-05946 CRB, 2008 WL 2128412, at *1 (N.D. Cal. May 20, 2008) (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987)).

In *Eitel*, the Ninth Circuit enumerated the following factors a court may consider in deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiffs, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 782 F.2d at 1471-72. As the parties

seeking default judgment, Plaintiffs "bear[] the burden of demonstrating to the Court that the complaint is sufficient on its face and that the *Eitel* factors weigh in favor of granting default judgment." *Ronald Norris v. Shenzhen IVPS Tech. Co.*, No. CV-20-01212-PHX-DWL, 2021 WL 4844116, at *2 (D. Ariz. Oct. 18, 2021).

### A. Prejudice to Plaintiffs.

The first *Eitel* factor "considers whether the plaintiff will suffer prejudice if default judgment is not entered." *PepsiCo*, 238 F. Supp. 2d at 1177. This factor favors default judgment where the defendant fails to answer the complaint because the plaintiff "would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." *Marquez v. Chateau Hosp., Inc.*, No. CV-20-0107 FMO (RAOx), 2020 WL 5118077, at *2 (C.D. Cal. June 11, 2020); *see PepsiCo*, 238 F. Supp. 2d at 1177 (same).

In this case, Defendant has now appeared and answered the complaint. *See* Docs. 15, 16 at 2. Given Defendant's apparent intent to defend the action, Plaintiffs will be able to prosecute their claims on the merits and will not be unfairly prejudiced from the denial of default judgment. The first *Eitel* factor weighs against default judgment. *See Draper*, 792 F.2d at 925 (the district court did not abuse its discretion in denying default judgment where the defendant filed a late answer); *Epps v. CVS Health Corp.*, 821 F. App'x 868, 869 (9th Cir. 2020) ("The district court did not abuse its discretion in denying Epps's motions for default judgment where defendant indicated that it intended to defend the action by appearing and filing an answer[.]") (citing *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988)); *Parsley v. Bank of Am., N.A.*, No. 3:16-CV-00175-SB, 2017 WL 5069106, at *1 (D. Or. Aug. 22, 2017) (denying motion for entry of default where the defendant's "late-filed [a]nswer indicates an intent to participate and defend in this action").[2]

---

[2] Plaintiffs may be prejudiced from the time and fees incurred in preparing the application for entry of default and the motion for default judgment, but the focus of the first *Eitel* factor is whether the denial of default judgment itself will prejudice Plaintiffs. *See* Doc. 14 at 3 (citing *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 940 (D. Ariz. 2013));

### B.     Merits of the Claims and Sufficiency of the Complaint.

These *Eitel* factors are often "analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Best W. Int'l Inc. v. Ghotra Inc.*, No. CV-20-01775-PHX-MTL, 2021 WL 734585, at *3 (D. Ariz. Feb. 25, 2021) (citation omitted); *see SCF RC Funding I, LLC v. GKRM, Inc.*, No. CV-21-00658-PHX-DLR, 2021 WL 3290530, at *2 (D. Ariz. Aug. 2, 2021) (explaining that these *Eitel* factors favor default judgment where "the complaint sufficiently states a plausible claim for relief under the pleading standards of Rule 8"). The Court must accept the allegations of the complaint as true when applying these *Eitel* factors. *See Ghotra*, 2021 WL 734585, at *2 (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

Plaintiffs assert the related claims of defamation, false light invasion of privacy, and injurious falsehood. Doc. 1 ¶¶ 75-85, 93-98, 104-112. To state a defamation claim under Arizona law, the plaintiff must allege that (1) the defendant made a false and unprivileged statement, (2) the statement was published or communicated to someone other than the plaintiff, and (3) the statement tends to harm the plaintiff's reputation. *See Rynn v. First Transit Inc.*, No. CV-20-01309-PHX-JJT, 2021 WL 3209665, at *3 (D. Ariz. July 29, 2021) (citing *Godbehere v. Phoenix Newspapers, Inc.*, 783 P.2d 781, 787 (Ariz. 1989)). "[A] statement is defamatory per se when the defamatory character of the statement is apparent on its face; that is, when the words used are 'of such a nature that the court can presume as a matter of law that the communication will tend to degrade or disgrace the party defamed.'" *McKnight v. McKnight*, No. CV-20-01956-PHX-DWL, 2021 WL 4133970, at *4 (D. Ariz. Sept. 10, 2021) (quoting *McClinton v. Rice*, 265 P.2d 425, 429-30 (Ariz. 1953)). "[A] false light claim can be viewed as slightly broader than a defamation claim in that a false light claim may be based on 'the publication of true information' if that publication 'creates a false implication about the individual.'" *Craven v. Clay Springs-*

---

*Powers v. Violet Energy, Inc.*, No. 3:19-CV-284-JR, 2020 WL 4220104, at *3 (D. Or. July 23, 2020).

*Pinedale Fire Dist.*, No. CV-20-08014-PCT-ROS, 2021 WL 3709809, at *10 (D. Ariz. Aug. 20, 2021) (quoting *Godbehere*, 783 P.2d at 788). To establish a claim for injurious falsehood, the plaintiff must show that the defendant "published false information that is 'derogatory to [plaintiff's] business' and 'calculated to prevent others from dealing with [him].'" *Aerotec Int'l, Inc. v. Honeywell Int'l, Inc.*, 4 F. Supp. 3d 1123, 1144 & n.97 (D. Ariz. 2014) (quoting *Aldabbagh v. Ariz. Dep't of Liquor Licenses & Control*, 783 P.2d 1207, 1213 (Ariz. Ct. App. 1989)); *see also Vicente v. City of Prescott*, No. CV-11-08204-PCT-DGC, 2014 WL 3939277, at *8 (D. Ariz. Aug. 13, 2014) (discussing the requirements for injurious falsehood under Restatement (Second) of Torts § 623A).

Plaintiffs' complaint alleges, among other things, that Defendant falsely stated on social media and online review platforms that: (1) Ms. Hawks is a liar, a slut, and a "coke whore" who "works on her knees for a living" and who is running from collection agencies for debts owed; and (2) Dr. Hawks had inappropriate sexual encounters with female patients, was fired by his previous employer for raping patients, and that anyone who has had sexual relations with Dr. Hawks needs to "get checked out" by having pap smears done. Doc. 1 ¶¶ 76-82, 104-09. Plaintiffs further allege that Defendant knew these statements to be false and made them willfully and with malice. *Id.* ¶¶ 84-85, 96-98, 110-12. The statements allegedly have caused Plaintiffs financial injuries and severe emotional distress. *See id.*

Accepting the complaint's allegations as true, the Court finds that Plaintiffs have asserted plausible claims for defamation, false light, and injurious falsehood. The second and third *Eitel* factors therefore favor default judgment.[3]

### C. Amount of Money at Stake.

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of Defendant's alleged conduct. Plaintiffs seek monetary damages of $450,000. Doc. 14 at 12. Defendant's alleged harassment and defamatory

---

[3] Given this finding, the Court need not address Plaintiff's claims for public disclosure of private facts and intrusion upon seclusion. *See id.* ¶¶ 86-92, 99-103.

statements are clearly serious, and, if true, have caused Plaintiffs harm. But the amount of money at stake – nearly a half million dollars – is nonetheless substantial. The Court concludes that this factor weighs against default judgment. *See Bd. of Trustees of Sheet Metal Workers Loc. 104 Health Care Plan v. Vigil*, No. C 07-01508 WHA, 2007 WL 3239281, at *2 (N.D. Cal. Nov. 1, 2007) (noting that "default judgment is disfavored if there were a large sum of money involved"); *J & J Sports Prods., Inc. v. Cardoze*, No. C 09-05683 WHA, 2010 WL 2757106, at *5 (N.D. Cal. July 9, 2010) (noting that "a large sum of money at stake," such as the request for $114,200 in damages, "would disfavor default judgment").

### D.     Possibility of a Factual Dispute.

"This factor turns on the degree of possibility that a dispute concerning material facts exists or may later arise." *Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, No. 18-CV-823 JLS (JLB), 2021 WL 3493094, at *15 (S.D. Cal. Aug. 6, 2021) (citing *Eitel*, 782 F.2d at 1471-72). Where the defendant "defaults by refusing to answer and defend, the allegations in the well-pleaded complaint are presumed true and . . . there is no possible dispute of material facts." *D.A. v. Witt*, No. 2:17-CV-0337-MCE-DMC, 2021 WL 2802932, at *4 (E.D. Cal. July 2, 2021); *see Talavera*, 2021 WL 3493094, at *15 ("[A]ny purported factual dispute appears settled, as there is no indication that the Defaulted Defendants will defend against the action.").

In this case, Defendant denies the alleged harassment and the defamatory nature of her statements. Doc. 15. She asserts that Dr. Hawks engaged in an inappropriate sexual relationship with her for several months while she was his patient. *Id.* ¶¶ 6, 25. She claims that this case was brought in retaliation for her having testified about Dr. Hawks's inappropriate behavior in a disciplinary hearing before the state medical board and posting the results of the board's investigation online. *See id.* ¶¶ 21-26. She further claims that Dr. Hawks is responsible for restrictions imposed on his medical license – including the requirement that he have a female chaperone present when examining female patients – and for resulting financial injuries he may have experienced. *Id.*; *see also* Doc. 18 at 10-17.

"[B]ecause Defendant has now appeared and . . . actively dispute[s] Plaintiffs' allegations, this factor weighs against granting default judgment." *McCarver v. Cap. One, N.A.*, No. ED CV19-713 PSG (KKx), 2020 WL 2141804, at *4 (C.D. Cal. Feb. 4, 2020); *see Eitel*, 782 F.2d at 1472 (affirming the denial of default judgment where "the parties disputed material facts in the pleadings").

### E.     Excusable Neglect.

The sixth *Eitel* factor is whether the defendant's default is due to excusable neglect. 782 F.2d at 1472. The "excusable neglect" determination "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993). These include "the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [defendant], and whether the [defendant] acted in good faith." *Id.*; *see Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (explaining that the *Pioneer* factors, "while not an exclusive list, provide a framework with which to determine whether missing a filing deadline constitutes 'excusable' neglect"); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (discussing "the equitable analysis laid out in *Pioneer* and *Briones*").

The summons and complaint were not personally served on Defendant, but instead were left with her father-in-law, Michael Seery, at their residence in Colorado on January 27, 2021. Doc. 6 at 2. Defendant states in her sur-reply that she works away from home as a caregiver for weeks at a time, and, when she returned home from work to find the complaint, the time to file an answer already had passed. Doc. 18 at 1. Defendant further states that she was not able to find an attorney in Arizona to represent her. *Id.*[4]

---

[4] Given Defendant's pro se status and the fact that her initial response to the default judgment motion is in effect an answer, the Court declines to strike or disregard her sur-reply. *See* Doc. 19 at 4; *Sebert v. Ariz. Dep't of Corr.*, No. CV-16-00354-PHX-ROS-ESW, 2016 WL 3456909, at *1 (D. Ariz. June 17, 2016) (noting that the court has discretion to permit a sur-reply); *Liberty Corp. Cap. Ltd. v. Steigleman*, No. CV-19-05698-PHX-GMS, 2020 WL 2097776, at *1 n.2 (D. Ariz. May 1, 2020) (considering sur-reply where it would help resolve the pending motion and would not unduly prejudice the opposing party).

Plaintiffs present evidence that Defendant received the complaint and sought assistance of counsel by February 23, 2021. Doc. 19 at 2-3, 9. Defendant's default had been entered several days earlier, on February 19. *See* Doc. 9. Because Defendant was away from home when the complaint was served, her failure to respond may have been excusable had she filed an answer within a reasonable time after receiving the complaint. But Defendant did not file her answer until June 23. *See* Doc. 15. She offers no excuse for the four-month delay. On this record, the Court cannot conclude that Defendant's delay was due to excusable neglect. This *Eitel* factor weighs in favor of default judgment. *See Thompson v. Riverside Cty. Sheriff Dep't*, No. 5:19-cv-00122-AB (SHK), 2020 WL 8028284, at *5 (C.D. Cal. Sept. 21, 2020) (finding that this factor favored default judgment where "the County . . . provided no explanation as to why [its] representation was so delayed after Plaintiff's numerous attempts to serve Officer Moon").[5]

### F. Policy Favoring Decisions on the Merits.

Default judgments are disfavored because "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. A defendant's failure to answer "makes a decision on the merits impractical, if not impossible." *PepsiCo*, 238 F. Supp. at 1177. But now that Defendant has answered the complaint, it may be possible to decide Plaintiffs' claims on the merits. This factor weighs against default judgment. *See Imagine That Int'l, Inc. v. CS Tech US*, No. 15-CV-1558-GPC-KSC, 2016 WL 4595976, at *3 (S.D. Cal. Feb. 3, 2016) (finding that "a decision on the merits remains a strong possibility" where the plaintiff "remedied his failure by filing a belated answer").

### G. Conclusion.

Three *Eitel* factors favor default judgment – the merits of the claims, the sufficiency of the complaint, and whether default was due to excusable neglect. The other four factors – possible prejudice to Plaintiffs, the amount of money at stake, the presence of factual

---

[5] Defendant asserts that she was not aware of the documents concerning her default until she was able to set up PACER account in early August, but she does not dispute receiving the complaint in late February. Doc. 18 at 1-2.

disputes, and the strong policy favoring decisions on the merits whenever possible – weigh against default judgment. Having considered the *Eitel* factors and the record as a whole, the Court concludes that default judgment is not appropriate and will deny Plaintiffs' motion. *See In re Wisdom*, 770 F. App'x 881, 882 (9th Cir. 2019) (the bankruptcy court did not abuse its discretion in denying default judgment given the minimal prejudice from delay, the presence of disputed facts, and the policy favoring decisions on the merits); *Manuel v. Thomas*, 967 F.2d 588 (9th Cir. 1992) ("Manuel failed to show any prejudice as a result of the delay in Thomas's responsive pleading, and the policy in favor of dispositions on the merits weighs against entry of default judgment in this case. Accordingly, we conclude that the district court did not abuse its discretion by denying Manuel's motion for default judgment.") (citing *Eitel*, 782 F.2d at 1471); *McCarver*, 2020 WL 2141804, at *5 (denying default judgment where the defendant "has appeared . . . and states it is ready and willing to litigate on the merits"); *Christ v. Blackwell*, No. 2:10-CV-760-EFB P, 2014 WL 4656200, at *1 (E.D. Cal. Sept. 16, 2014) ("Even if defendant['s] late filing of his answer were construed as a failure to defend, the *Eitel* factors do not favor entry of default judgment against him."); *Park v. U.S. Bank Nat'l Ass'n*, No. 10CV1546-WQH-WMC, 2010 WL 4809652, at *4 (S.D. Cal. Nov. 19, 2010) ("The Court . . . finds that the remaining *Eitel* factors, including the substantial amount of money at stake and 'the public policy favoring resolutions of cases on the merits,' favor denying the Motions for Default Judgment pursuant to Rule 55(b).") (quoting *Eitel*, 782 F.2d at 1472).

Because Defendant has now appeared and default judgment is not warranted, this case should proceed to a merits disposition of Plaintiffs' claims. *See Eitel*, 782 F.2d at 1472. Otherwise, Plaintiffs' "claims and potential for recovery will remain indefinitely suspended in legal limbo[.]" *Mercedes-Benz Fin. Servs. USA v. Synergistiks, Inc.*, No. 3:18-CV-184, 2019 WL 481753, at *2 (W.D. Pa. Feb. 7, 2019). Although Defendant has filed an answer, she has not separately moved to set aside the entry of default. *See* Docs. 9, 15; Fed. R. Civ. P. 55(c). The Court will hold a telephone hearing with the parties on

**November 18, 2021 at 2:00 p.m.** to discuss the current posture of the case and next steps to be taken.

### III. Dr. Hawks's Motion to Seal Defendant's Sur-Reply.

Attached to Defendant's sur-reply is an email Kathy Hawks, Dr. Hawks's ex-wife, sent to a psychologist regarding child support and visitation matters and the well-being of Kathy and Dr. Hawks's children. Doc. 18 at 17-18. Dr. Hawks moves to seal the sur-reply because it discloses highly-sensitive information about his children, including psychological counseling, and allegedly was filed in furtherance of Defendant's ongoing harassment of Plaintiffs. Doc. 19 at 4-5.

Two standards govern requests to seal documents: "compelling reasons" and "good cause." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The compelling reasons standard applies to most judicial records, including documents attached to dispositive motions. *See Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1136 (9th Cir. 2003); *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

As noted, Defendant's sur-reply sets forth privileged information about the physical and mental well-being of Dr. Hawk's children, one of whom is a minor. *See* Doc. 18 at 17-18. Public disclosure of this highly-personal and sensitive information is inappropriate. The potential "harm that would result from disclosing the personal health information of [the children] is a compelling reason [to seal Defendant's sur-reply] that outweighs the general history of access and the public policies favoring disclosure." *Cal. Spine & Neurosurgery Inst. v. United Healthcare Ins.*, No. 19-CV-02417-LHK, 2021 WL 1146216, at *3 (N.D. Cal. Feb. 12, 2021) (citing *Kamakana*, 447 F.3d at 1178-79); *see also Hendricks v. Aetna Life Ins.*, No. CV-19-06840-CJCM-RWx, 2019 WL 9054346, at *4 (C.D. Cal. Nov. 7, 2019) (finding compelling reasons to seal "personal health information as required by . . . HIPAA"); *Mendell v. Am. Med. Response, Inc.*, No. 19-CV-01227-BAS-KSC, 2021 WL 778624, at *4 (S.D. Cal. Mar. 1, 2021) ("Compelling reasons may exist to seal protected health information and other personal information that may be abused if disclosed to the public."); *Evans v. Presidio Tr.*, No. 19-CV-08025-HSG, 2020 WL

6997198, at *2 (N.D. Cal. Oct. 6, 2020) ("Plaintiff has provided a compelling reason for sealing the [document] because it contains personal information about Plaintiff's health history."); *Meyers v. Kaiser Found. Health Plan Inc.*, No. 17-CV-04946-LHK, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) ("[Sealing the] personal information of the minor . . . is also justified in order to protect the minor's privacy interests and to prevent exposure to harm.") (cleaned up).  The Court will grant Plaintiffs' motion to seal.  *See* Doc. 19 at 4-5.

**IT IS ORDERED:**

1. Plaintiffs' renewed motion for default judgment (Doc. 14) is **denied**.

2. Plaintiffs' motion to strike Defendant's sur-reply (Doc. 19 at 4) is **denied**.

3. Dr. Hawks's motion to seal (Doc. 19 at 4-5) is **granted**.  The Clerk is directed to seal Defendant's sur-reply (Doc. 18).

4. The Court will hold a telephone hearing with the parties, on the record, on **November 18, 2021 at 2:00 p.m. (Arizona time)**.  The call-in number is 1-866-390-1828, and the access code is 5861608.  The purpose of the hearing is to discuss the status of the case and the next steps.

Dated this 5th day of November, 2021.

*David G. Campbell*
David G. Campbell
Senior United States District Judge