1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

8

9  | Jack Hawks, D.O., et al,

10          Plaintiffs,

11  v.

12  Sharon Seery, et al.,

13          Defendants.

14

No. CV-21-00092-PHX-DGC

**ORDER**

15      This case has been referred to United States Magistrate Judge Michelle H. Burns for

16  a Settlement Conference.

17  **ALL PARTIES MUST READ AND COMPLY WITH THE INSTRUCTIONS OF THIS ORDER**

18      The purpose of the Settlement Conference is to facilitate settlement of the case.  The

19  Settlement Conference will be conducted in such a manner as not to prejudice any party in

20  the event a settlement is not reached.  To that end, the offer and demand, or any

21  communication relayed to the undersigned in confidence, will be kept confidential and will

22  not be disclosed to any adverse party, absent express consent to do so.  Rule 408, Federal

23  Rules of Evidence, applies to all aspects of the Settlement Conference. All communications

24  and information exchanged, to include Settlement Conference Memorandum, in and during

25  the settlement process, not otherwise discoverable, will not be admissible in evidence for

26  any purpose and shall not be used for any purpose outside the Settlement Conference itself.

27  At the conclusion of the Settlement Conference, all documents submitted and exchanged

28  by the parties shall be returned, destroyed, or otherwise disposed of in the manner directed

by the Settlement Judge upon the request of any party.  Although the Court recognizes that there are exceptions to the confidentiality of the communications referenced above[1], a party must seek permission from the Court in advance before dissemination of such confidences.

At the Settlement Conference and subject to modification by the Court depending on the uniqueness of each case, each party, through counsel or individually if unrepresented, will meet initially, and may be asked to respond to general and specific questions by the Settlement Judge.  Thereafter, separate and private caucuses will be held with each party, the party's representative and the Settlement Judge. Complete candor with the Court is not only expected but is required.  *In the Matter of Fee*, 182 Ariz. 597, 898 P.2d 975 (1995).

This Order mandating the parties', corporate representative's and insurer's, if any, appearance is intended to increase the efficiency and effectiveness of the Settlement Conference by reducing the time for communication of offers and expanding the ability to explore the varied options for settlement, to give the adverse parties the opportunity to hear the rationale and arguments regarding the likelihood of success of the claims/defenses directly from the lawyers who will be trying the case, to meet the litigants themselves and to hear first-hand the candid comments, if any, made by the Settlement Judge about the case or the judicial process.

The appearance, of those individuals with the authority to settle cases, substantially increases the likelihood of settlement and leads to more meaningful negotiations.

Consequently, pursuant to the authority granted to the Court in, among others, 28 U.S.C. §473(b)(5) and Rule 16(b), Fed.R.Civ.P., the parties and representatives of the parties with "full and complete authority[2]" to discuss settlement of the case **SHALL** appear

---

[1] *See Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011).

[2] "Full and complete authority" within this Order means that the individual appearing for, or on behalf of, the Defendant(s) shall have the express authority and discretion to authorize the payment to, or accept the terms of, Plaintiff's last settlement demand. "Full and complete authority" does not mean, however, that Defendant or representative is required to pay such demand or any sum whatsoever. Kothe v. Smith, 771 F.2d 667, 669 (2nd Cir.1985) (Rule 16 "was not designed as a means for clubbing the parties-or one of them-into an involuntary compromise."); In re Novak, 932 F.2d at 1406

at the date and time of the Settlement Conference unless expressly excused by the undersigned by timely motion and order issued prior to the subject Settlement Conference for good cause shown. *In re Novak*, 932 F.2d 1397, 1407 (11th Cir. 1991) (". . . we conclude that the power to direct parties with full settlement authority at pretrial settlement conferences is inherent in the district courts.").

**IT IS ORDERED**:

1. All parties and their counsel who are responsible for the case **SHALL** appear[3] before the undersigned Settlement Judge on January 21, 2022 at 11:00 AM. The Court has allocated, at a minimum, 2 hours for the Settlement Conference; however, **if meaningful progress is being made** the conference will continue until either the case settles, or meaningful progress is no longer being made.

The settlement conference will proceed via video-teleconference facilitated by the Court's IT staff or telephonically. If by video-conference, document sharing features of the video-teleconference platform will not be utilize at the settlement conference. Counsel will be contacted by the Court's IT Department to set up the video-teleconference and to test the equipment each participant will utilize for the settlement conference. Counsel shall promptly reply to IT staff regarding setting a date/time for such set up and testing. Set up and testing must take place on the equipment to be used during the settlement conference. At the time of set up and testing, the equipment must be at the location that the participant will utilize for the settlement conference. Counsel are advised to limit communications between the parties and the Court's IT staff to communications necessary for the Court's IT staff to facilitate the set up and testing of the video-teleconference platform.

If the Defendants are an insured party, a representative of that party's insurer with full and complete authority to discuss and settle the case **SHALL** appear at the

---

n. 18.

[3] **The settlement conference will be conducted by video link. The parties will receive instructions from the Court, regarding connecting to the Court's conference software, separately before the Conference.**

aforesaid date and time.  An uninsured or self-insured corporate party **SHALL** appear at aforesaid Settlement Conference through its authorized representative with full and complete authority to discuss and settle the case.  *Pitman v. Brinker Intl.,Inc.*, 216 F.R.D. 481 485-486 (D. Ariz. 2003),  amended by review in part in *Pitman v. Brinker Intl., Inc.*, 2003 WL 23353478, 1 (D. Ariz. 2003); *Gee Gee Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001) (District judge acted well within his discretion by imposing a monetary fine payable to the Clerk of the District Court as a sanction for failing to prepare requested memorandum and deciding to send a corporate representative to ADR conference with limited authority.);  *Lockhart v. Patel, M.D.*, 115 F.R.D. 44 (E.D.Ky 1987) (In medical malpractice action, answer stricken for failure of insurance representative with authority to settle to appear at settlement conference.).

2.   Settlement conferences are often unproductive unless the parties have exchanged settlement demands and compromise offers before the conference and have made a serious effort to settle the case on their own. Accordingly, before arriving at the settlement conference, the parties shall negotiate and make good faith efforts to settle the case without the involvement of the Court.   The parties shall exchange written correspondence regarding settlement.  The Plaintiff's demand shall be delivered to defense counsel and the insurer's representative, if any, **by Monday, January 10, 2022.** Defendant's response to the demand shall be delivered to Plaintiff **by Friday, January 14, 2022**.

3.   If a third person or entity asserts a substantial lien on any settlement monies for medical and hospital expenses and/or lost wages paid, such as, a worker's compensation carrier or a health insurance carrier, arrangements shall be made to notify said person or entity of the Settlement Conference so that such person, entity or its authorized representative may appear and participate in the Settlement Conference. Plaintiff's counsel shall promptly provide a true and complete copy of this Order to such person, entity or its authorized representative.   A.R.S. §23-1023(c); *Stout v. State Compensation Fund*, 197 Ariz. 238, 3 P.3d 1158 (2000).

4.  In the absence of a prior order by the undersigned to the contrary, copies of all Settlement Conference Memoranda shall be exchanged (unless otherwise ordered by the Court on motion of a party) between the parties.  Counsel shall provide a copy of all memoranda to their client(s) for review prior to the Settlement Conference and shall explain the settlement conference procedures to their clients before the Settlement Conference.

Each party shall provide the Court with the original of that party's Settlement Conference Memoranda, **by Monday, January 18, 2022**.  The Settlement Conference Memoranda shall **NOT** be filed with the Clerk.  The original Settlement Conference Memoranda shall be delivered directly to the chambers of U. S. Magistrate Judge Michelle H. Burns or e-mailed to the undersigned's ECF mailbox (burns_chambers@azd.uscourts.gov)[4].  If a party's memorandum and any exhibits exceed twenty-five (25) pages, a hard copy must be delivered to chambers.  Each Memorandum shall address the following:

a. A brief statement of the facts of the case.

b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded, including the citation to appropriate authorities;  the reasonable damages allegedly incurred by Plaintiff and, if appropriate, Counterclaimant; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

c. A brief summary of the proceedings to date including rulings on motions and motions outstanding, if any.

d. An estimate of the costs and time to be expended for further discovery, pretrial and trial, including past and future attorneys' and experts' fees.

e. A brief statement of the facts and issues upon which the parties agree and disagree.

---

[4] This mailbox is not to be used as a general means of communication to the Court or its staff.

f. Whether there is/are any distinct or dominant issue(s) which, if resolved, would likely aid in the disposition of the case.

g. The relief sought.

h. **Each party's position on settlement**, including the amount that the Plaintiff is currently willing to accept and Defendant(s) is/are willing to offer and the history of past settlement discussions, offers and demands.

In the absence of any Order by the undersigned to the contrary, each party's Settlement Conference Memoranda shall not exceed fifteen (15) pages exclusive of attachments and shall otherwise comply with LRCiv 7.1 and 7.2, Rules of Practice for the United States District Court for the District of Arizona.  No responsive memorandum shall be permitted.

5.  In the Court's discretion, the Settlement Conference may be conducted by bringing all parties together in one room, or by separate meetings (caucuses), or by a combination of both.  The Court will assume that the parties have agreed the Settlement Conference may be conducted in whole or in part by separate caucuses with the Settlement Judge.  Judicial and lawyer ethical rules prohibit *ex parte* caucuses without such agreement. By appearing at this conference, the Court will deem that the parties have consented to this procedure and waived any objection thereto unless a written Objection is filed not less than three (3) business days before the Settlement Conference.

6.  Absent good cause shown, if any party, counsel or insurer's representative fails to promptly appear at the Settlement Conference, fails to comply with the terms of this Order, including the failure to timely provide the Settlement Conference Memoranda, is substantially unprepared to meaningfully participate in the Settlement Conference, or fails to participate in good faith in the Settlement Conference, the settlement conference may be vacated and sanctions may be imposed pursuant to Rules 16(f) and 37(b)(2)(B)(C), and (D), Federal Rules of Civil Procedure, which may include the entry of default judgment, dismissal of the Complaint and/or an award of reasonable attorney's fees and expenses and/or a finding of contempt. *G. Heileman Brewing Co.,Inc. v. Joseph Oat*

*Corporation*, 871 F.2d 648 (7th Cir. 1989); *Lockhart v. Patel, M.D., supra.; Gee Gee Nick v. Morgan's Foods, Inc., supra.*

7.  **Counsel and any party, if unrepresented by counsel, shall notify the Court in writing, at least, five (5) business days before the Settlement Conference if one or more of the attorneys or unrepresented parties believes that the Settlement Conference would be a futile act resulting in a waste of time and money, inconsistent with Rule 1, FED.R.CIV.P., because, for example, either side has adopted an unreasonable position from which that party refuses to deviate.  The Court will then consider whether the Settlement Conference would be helpful and, if not, whether the Settlement Conference should be canceled or other forms of the alternative dispute resolutions be considered**.  The Court will arrange a telephonic conference with counsel as soon as reasonably practical.  If the Court is not notified by either party that a Settlement Conference would, in their party's opinion be futile, **it will be presumed** that all counsel, their clients and any unrepresented party believe that there is a reasonable, good faith opportunity for settlement, and that the involvement of a Settlement Judge is needed to accomplish it.

Dated this 4th day of January, 2022.

Honorable Michelle H. Burns
United States Magistrate Judge

- 7 -