**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Hawks, D.O., individually and as spouse of Sara Hawks, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Sharon Seery,<br><br>Defendant. | No. CV-21-00092-PHX-DGC<br><br>**ORDER** |

Pro se Defendant Sharon Seery has filed a motion asking for additional time to respond to Plaintiffs' requests for admissions. Doc. 42. The motion is fully briefed and no party requests oral argument. Docs. 43, 51. For reasons stated below, the Court will deny Defendant's motion.

**I.  Background.**

Plaintiffs' requests for admissions (RFAs) were served on Defendant by email and regular mail on October 14, 2022. Doc. 39. Federal Rule of Civil Procedure 36 provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter[.]" Fed. R. Civ. P. 36(a)(3). Defendant was required to respond by November 17, 2022, but did not do so.

Plaintiff's RFAs specifically advised Defendant, in the first paragraph, that "[e]ach request will be deemed admitted unless, within thirty (30) days after service of the request, the Defendant serves upon Plaintiffs a written answer or objection addressed to the matter."

1

Doc. 43, Ex. B. The Court also advised Defendant at the case management conference on May 5, 2022, that she would need to consult the Federal Rules of Civil Procedure in litigating this case.

Because Defendant did not respond within 30 days as required by Rule 36, the RFAs are deemed admitted. Fed. R. Civ. P. 36(a)(3).

Defendant filed her motion for additional time on December 20, 2022, more than a month after they were deemed admitted and several days after the December 16, 2022 close of fact discovery. *See* Doc. 37. The Court had previously advised the parties that the deadlines in this case are real and will be enforced by the Court. Doc. 37, ¶ 7.

## II. Analysis Under Rule 36(b).

Because Plaintiff's RFAs have been admitted by operation of Rule 36, Defendant's motion is in effect a request to withdraw her admissions. Such a request is governed by Rule 36(b), which states that withdrawal "may" be permitted if it would (1) "promote the presentation of the merits of the action" and (2) "if the court is not persuaded it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). The Court will address these requirements.

### A. First Factor – Promoting Presentation of Merits.

In *Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007), the Ninth Circuit explained that Rule 36(b)'s first factor is satisfied "when upholding the admissions would practically eliminate any presentation of the merits of the case." *Id.* at 622 (citation omitted). Defendant has not shown that this factor is satisfied.

Plaintiffs served 45 RFAs – a clear violation of the Case Management Order, which limited RFAs to 25 per side. Doc. 37, ¶ 2. As a result, the Court has advised the parties that Plaintiffs' requests 26 through 45 "are not authorized and will not be of any effect in this case." Doc. 49. The Court will not treat them as admissions.

Even if the first 25 RFAs are deemed admitted, the Court cannot conclude that the admissions "would practically eliminate any presentation of the merits of the case" as required by *Conlon*. 474 F.3d at 622. The first five RFAs merely establish that Cait Seery

is Defendant's daughter, that Defendant has created online profiles under her name, that she is aware of a person named Forrest Cooley, that she has left negative online reviews of Plaintiff Jack Hawks, and that she operated a Google+ account associated with her name. Doc. 43, Ex. B. For reasons not clear to the Court, the remaining 20 RFAs (numbers 6-25) consist of 10 original RFAs and 10 exact duplicates, meaning there are only 10 distinct requests in this set. *See id.* These 10 distinct RFAs merely ask Defendant to admit that she posted 10 pages of online statements, many of which bear her name and photograph and significant portions of which contain rebuttal materials posted by others. *Id.* The Court cannot conclude that these 10 pages of admitted statements significantly establish Plaintiffs' claims or eliminate Defendant's defenses, and therefore cannot conclude that denying Defendant's motion to withdraw "would practically eliminate any presentation of the merits of the case." *Conlon*, 474 F3d at 622.

Plaintiffs' complaint asserts state law tort claims for defamation, public disclosure of private facts, false light invasion of privacy, intrusion upon seclusion, and injurious falsehood. Doc. 1, ¶¶ 75-116. The RFAs do not establish that any of the statements in the 10 admitted pages are false (defamation, false light, injurious falsehood), that they are highly offensive to a reasonable person or not of legitimate public concern (public disclosure of private facts), or that they constituted an intentional intrusion into Plaintiffs' private affairs (intrusion upon seclusion). Moreover, the claims asserted in Plaintiffs' complaint are based on many more statements than the 10 pages covered by RFAs 6-25. *See id.* ¶¶ 26-68. And the admissions say nothing about Plaintiffs' alleged damages.

In short, while the admissions may establish some foundational facts for Plaintiffs' claims, they do not establish those claims and do not appear to significantly limit Defendant's ability to present a defense. Because Defendant's admissions would not "practically eliminate any presentation of the merits of the case," *Conlon*, 474 F3d at 622, the first Rule 36(b) factor is not satisfied.

/ / /

/ / /

**B.     Second Factor – Prejudice to Plaintiffs.**

Plaintiffs contend that they would be prejudiced by withdrawal of the admissions because they elected not to depose Plaintiff or conduct other discovery once the RFAs were deemed admitted, and the discovery period has now closed.  *Conlon* suggests that a need for additional discovery is not sufficient to satisfy the second factor, but *Conlon* also looked to additional relevant facts.  These included that the requesting party had relied on the admissions for two and one-half months, through the discovery and dispositive motion deadlines, with no indication the admissions would be withdrawn.  474 F.3d at 623.  In addition, the district court in *Conlon* denied the request to withdraw the admissions only eight days before trial, and the requesting party had relied on the admissions in preparing its case.  *Id.*  The requesting party "conducted none of the discovery it otherwise needed to prove its case at trial."  *Id*. at 624.

There are clear differences between this case and *Conlon*.  This case is not eight days from trial and Plaintiffs have not yet filed a motion for summary judgment.  But there are also significant similarities.  This case has been long-delayed, first by Defendant's five-month failure to answer the complaint which resulted in entry of default and the Court's ruling on two motions for default judgment (*see* Docs. 6-15), as well as a 75-day settlement period that turned into more than six months when the parties, after agreeing on a settlement, failed to complete the settlement largely because Defendant would not agree to all of the terms (Docs. 34, 35).  As a result of these delays, this case had been pending for more than 16 months when the case management conference was finally held.  The Court told the parties at the conference that the case would move forward, it would not be delayed further, and that the parties must get the case ready for trial.  The Court set a reasonable but efficient schedule and, as noted above, stated that the deadlines were real.  Doc. 37, ¶ 9.

Relying on those deadlines, Plaintiffs served the RFAs, specifically told Defendant that failure to respond would result in admissions, and elected not to conduct further discovery (including deposing Defendant) when the requests were admitted by her inaction. Defendant did not file her motion to withdraw the admissions until after Plaintiffs

sent her a letter stating that they intended to move for summary judgment on the basis of the admissions, as required by the Court's Case Management Order. Doc. 37, ¶ 11; Doc. 40. Defendant also waited until after the Court's discovery deadline, which the Court had said would be enforced. Doc. 37, ¶ 9.

If the Court were to allow Defendant to withdraw her admissions now, the parties would need to reopen discovery in this long-delayed case in order to conduct all of the discovery that wasn't done in reliance on the RFAs. Given the protracted history of this case – a lengthy delay that the Court attributes in large part to Defendant – the Court concludes that this would unduly prejudice Plaintiffs.

This admittedly is a close call. But even if the Court found that Plaintiffs had not shown prejudice under *Conlon*, the first factor of Rule 36(b) would remain unsatisfied and Defendant's motion would be denied on that basis alone.

**III.    The Court's Discretion Under Rule 36(b).**

*Conlon* also makes clear that a court has discretion to deny a request to withdraw admissions even if the two factors in Rule 36(b) are satisfied. 474 F.3d at 624 ("We have not previously opined on whether Rule 36(b) requires a district court to grant relief when the moving party can satisfy the two-pronged test. We hold that it does not. The text of Rule 36(b) is permissive."). In exercising this discretion, courts can look to factors other than those specified in Rule 36(b), including whether the moving party has shown good cause for the delay, whether the moving party appears to have a strong case on the merits, whether the party serving the RFAs sought to obtain an unfair tactical advantage, and whether the moving party had fair notice of the requests and an opportunity to respond. *Id.* at 625.

Defendant has not shown that she had good cause for her failure to respond. Her brief motion states that she did not respond "due to her inability to physically answer to the Discovery as a result of being infected by Coronavirus and [being] bedridden while being treated for the disease." Doc. 42 at 1. But the motion provides no further explanation and includes no proof that Defendant was ill during the time the RFAs were pending.

5

As Plaintiffs note in their response, Defendant managed to file a lengthy and detailed motion to dismiss, with numerous factual and legal citations and more than 30 pages of exhibits, only two days after she filed her motion to withdraw her admissions on the basis of debilitating illness. *See* Doc. 48. She also managed to file a request for electronic filing during this time (Doc. 42), and Plaintiffs provide a screenshot of a posting she made two weeks after the RFA responses were due showing an elaborate Christmas display she created (Doc. 43, Ex. A).

Defendant's reply in support of her motion to withdraw does not refute any of these facts, and again provides no evidence that Defendant in fact was ill while the RFAs were pending. Doc. 51. Indeed, her reply barely mentions her illness, instead devoting its pages to arguing that Defendants are engaging in abusive litigation, that they violated the Court's Case Management Order by serving too many RFAs, and that this case could financially cripple her. *Id.*

Defendant has not shown that health issues prevented her from responding to the RFAs. Nor does she dispute that Plaintiffs specifically told her the RFAs would be deemed admitted if she did not respond within 30 days, or provide any other reason she was unable to respond. Defendant has not shown good cause for her failure.

Further, and consistent with *Conlon*, it is not clear that Defendant has a strong case on the merits. She devotes virtually every filing and hearing to arguing that Plaintiffs are suing in retaliation for her cooperation in medical board disciplinary proceedings against Plaintiff Jack Hawks. Further, this is not a situation where Plaintiffs sought to obtain an unfair tactical advantage by serving the RFAs. The RFAs go largely to foundational facts and do not seek admissions of liability or specific contentions. Finally, Defendant had fair notice of the RFAs and that she would be deemed to have admitted them if she did not respond. Doc. 43, Ex. B.

Thus, in addition to the fact that Defendant has not satisfied the two requirements of Rule 36(b), the Court exercises its discretion to deny Defendant's motion.

**IT IS ORDERED** that Defendant's Motion for Extension of Time to Respond to Plaintiffs' Requests for Admissions (Doc. 42) is **denied**.

Dated this 17th day of January, 2023.

*David G. Campbell*
David G. Campbell
Senior United States District Judge