IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jack Hawks, D.O., Individually and as spouse of Sara Hawks, Sara Hawks, Individually and as spouse of Jack Hawks, D.O., <br><br>Plaintiffs, <br><br>v. <br><br>Sharon Seery, John and Jane Does I-V <br><br>Defendant. | Case No. CV21-00092-PHX-DGC <br><br>**JUDGMENT** |

Pursuant to the Order of this Court entered on August 14, 2023 (Doc. 62) on the parties' motions for summary judgment, and pursuant the Stipulation of Plaintiffs Jack Hawks, D.O. ("Dr. Hawks") and Sara Cooley Hawks ("Ms. Hawks") (collectively the "Plaintiffs") and Defendant Sharon Seery ("Defendant") resulting from the Settlement Conference conducted in this matter by the Honorable Deborah M. Fine on November 9, 2023, the Court enters Judgment in favor of Plaintiffs Dr. Hawks and Ms. Hawks against Defendant Sharon Seery.

The Court's Order entered on August 14, 2023 (Doc. 62) granted partial summary judgment in favor of Plaintiffs Dr. Hawks and Ms. Hawks against Defendant on their claim for intrusion upon seclusion. The Court found that Defendant's behavior was "obsessive" and that Defendant's "conduct was intentional, intrusive, and highly offensive." Doc. 62 at 22. The Court's Order also found that multiple statements that Defendant posted on the

Internet about Dr. Hawks and Ms. Hawks were false, defamatory, highly offensive, and would support claims for defamation and false light invasion of privacy if in further proceedings it is adjudicated that Defendant knew her statements were false or acted in reckless or negligent disregard of the truth. *Id.* at 14-21.

Pursuant to the Court's August 14, 2023 Order and the Stipulation of the Parties, Judgment is hereby entered in favor of Plaintiffs against Defendant as follows:

1. Defendant shall pay to Plaintiffs' counsel, Pace Selden Gilman Marks PLLC the sum Four Thousand Dollars and No Cents ($4,000.00) payable at the rate of Seventy-Five Dollars and No Cents ($75.00) per month for the duration of fifty-three (53) months with the remaining balance due at the end of 54 months from the entry of this Judgment. The first payment shall be due on the first day of the first full month that begins after the entry of this Judgment and monthly payments shall be due on the first day of each month thereafter. Any late or unpaid payments due shall earn interest at the statutory rate until paid.

2. An injunction is hereby entered, and Defendant is hereby enjoined through December 31, 2029, as follows:

   a. Defendant shall remove, within ten (10) business days of this Judgment, all references to and photographs of either Plaintiff that Defendant has posted on any and all websites, blogs, social media posts, rating sites or other content on the Internet and shall cooperate in the removal of any posts that are referenced in the Court's August 14, 2023 Order (Doc. 62). Defendant's cooperation in efforts to remove a post shall not be deemed an admission by Defendant that she created the post or has liability for doing so.

   b. If, despite Defendant's best efforts to comply with provision 2(a) above, Defendant is unable to accomplish the removal of content posted by her referring to Plaintiffs from a website, blog, social media post or rating site on the Internet, Defendant shall post a retraction of the content on the same website, blog, social media post or rating site on the Internet,

         excluding any content that is a matter of public record of proceedings before the Arizona Board of Osteopathic Examiners.

    c.    If Plaintiffs' counsel communicates to Defendant that they believe there is content posted by Defendant that remains on the Internet notwithstanding provisions 2(a) and 2(b) above, Defendant shall respond within ten (10) business days thereafter by disclosing any information regarding any involvement by her in the content and all efforts by her to delete or retract the content.

    d.    Defendant shall cooperate with Plaintiffs' counsel in all efforts to remove content about Plaintiffs on the internet.

    e.    Defendant is enjoined from having any contact with or making any communication to any family member of Plaintiffs. For purposes of this paragraph, "family members" does not include the ex-spouse of Dr. Hawks.

    f.    Defendant is enjoined from having any contact with or making any communications to Plaintiffs, except as necessary to address matters arising under this Judgment.

    g.    Defendant is enjoined from posting any references to or photographs of Plaintiffs on any websites, blogs, social media posts, rating sites or other content on the Internet, or communicating with the news media about Plaintiffs.

    h.    Defendant is enjoined from participating in or encouraging any other person in the commission of any conduct that Defendant is enjoined from committing.

3.    If Plaintiffs believe that Defendant has violated any provision of this Judgment, they shall provide written notice to Defendant of the alleged violation. The parties shall attempt to resolve any disputes by mediation, and if the dispute is not resolved by mediation, the parties shall submit the dispute to binding arbitration. The mediator and

arbitrator, if any, shall be a former Arizona Judge. If the parties cannot agree upon the selection of a mediator or arbitrator, they shall each nominate a mediator or arbitrator and the two persons nominated shall select a mediator or arbitrator. The costs of mediation shall be borne by the parties equally, paid in advance of the mediation, and the cost of arbitration shall initially be paid by each party equally, with the arbitrator authorized to award costs and attorneys' fees to the prevailing party. The standard of proof in any arbitration shall be a preponderance of the evidence, i.e. that a fact is more likely than not.

4. All parties shall bear their own costs and attorneys' fees.

No further matters remain pending and this final Judgment is hereby entered pursuant to Rule 54, Fed. R. Civ. P.

Dated this 13th day of November, 2023.

_____
David G. Campbell
Senior United States District Judge